UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIEL LEMBO,

*Plaintiff,*

-against-

NISSAN-INFINITI LT LLC,

*Defendant.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Daniel Lembo ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## **Introduction**

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Nissan-Infiniti LT LLC, ("Nissan" or the "Furnisher Defendant"), to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## **Jurisdiction and Venue**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).
4. A substantial portion of the harm Defendant caused Plaintiff due to its FCRA violations was suffered by Plaintiff in this District.

## **The Parties**

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Hicksville, NY.

6. Defendant Nissan is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

**Plaintiff's Claims Against Defendant Pursuant to**
**the Fair Credit Reporting Act**

7. Plaintiff transitioned from a Nissan lease to a GMC lease, pursuant to which GMC agreed to pay off Plaintiff's remaining Nissan lease obligation.
8. GMC failed to timely remit the payoff to Nissan, and later acknowledged responsibility for the error in writing.
9. Defendant furnished information to Equifax, Experian, and upon information and belief Trans Union reflecting that Plaintiff had missed one or more monthly payments on his Nissan lease (hereinafter, the "Misleading Tradeline").

*Disputes*

10. On or around May 6, 2026, Plaintiff disputed the Misleading Tradeline to Equifax, Experian and Trans Union.
11. Upon information and belief, Equifax, Experian and Trans Union each notified Nissan about the disputes.
12. After Plaintiff's disputes and upon information and belief, Nissan verified to Equifax, Experian and, upon information and belief, Trans Union that the Misleading Tradeline was reporting accurately.
13. Had Nissan conducted a reasonable investigation, including reviewing the documentation showing the circumstances of the lease payoff, it would have determined that the reported late-payment information was inaccurate or materially misleading and could not reasonably have verified it as accurate.

***Damages***

14. At all times pertinent hereto, the conduct of Defendant Nissan and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

15. In the alternative, the conduct of Defendant Nissan and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

16. Defendant Nissan as a direct and proximate result of its unlawful actions, conduct, and omissions, published inaccurate or misleading information about Plaintiff to third parties.

17. Defendant Nissan's publication of inaccurate or misleading information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for credit and depression.

    b. Plaintiff was defamed by Defendant Nissan, which published false or misleading information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

18. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

19. Because of Defendant's willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may

allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**<u>Cause of Action</u>**
**Violations of the FCRA by Nissan**
**(Furnisher Defendant)**

20. Because of its unlawful reporting and verifications of the Misleading Tradeline, Furnisher Defendant Nissan is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of the Misleading Tradeline reporting on Plaintiff's Equifax, Experian, and upon information and belief Trans Union credit reports after, upon information and belief, Nissan received notice of Plaintiff's disputes from Experian, Equifax and Trans Union.

    b. failing to review all relevant information provided to Nissan by Equifax, Experian and Trans Union concerning Plaintiff's disputes of the Misleading Tradeline;

    c. failing to promptly modify, delete, or permanently block any and all information about the Misleading Tradeline that Nissan, had it conducted a reasonable investigation of Plaintiff's disputes, could not have affirmatively verified; and

    d. representing to Equifax, Experian and upon information and belief Trans Union that Plaintiff was responsible for the late payments on the Misleading Tradeline.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1. Awarding against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

2. A correction of any inaccurate consumer reporting.

3. Such other and further relief as may be necessary, just, and proper.

**Demand For Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

/s/ Servando Martinez
Servando Martinez
Sherman & Ticchio PLLC
120 N. Main Street Suite 302B
New City, NY 10956
212-324-3874
servando@st-legal.com
*Counsel for Plaintiff*